**IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY**

REGGIE L. FOLKS,                    )
                                    )
            Plaintiff,              )
                                    )
      v.                            )      Case No. CPU4-18-003073
                                    )
OKITA R. ALLEN,                     )
                                    )
            Defendant.              )

                  Submitted:    December 17, 2018
                  Decided:      January 10, 2019

Reggie L. Folks                           Okita R. Allen
1301 E. 12th Street                       2022 North Washington Street
Wilmington, DE 19802                      Wilmington, DE 19802
*Pro Se Plaintiff*                        *Pro Se Defendant*

## DECISION AFTER TRIAL

Plaintiff, Reggie L. Folks (hereinafter "Plaintiff"), brings this cause of action for alleged battery against defendant, Okita R. Allen (hereinafter "Defendant"), alleging that Defendant intentionally struck Plaintiff with a wooden rod, causing a facture in Plaintiff's finger which purportedly resulted in permanent pain and disfigurement. Plaintiff seeks $49,500.00 in compensatory damages, plus costs, attorney's fees, and pre- and post-judgment interest. Defendant brings a counter-complaint for alleged assault, alleging Plaintiff caused serious physical injury, permanent disfigurement, and a life-long handicap to Defendant's right hand, requiring Defendant to engage in mental health therapy. Defendant also numerically lists harassment, robbery, extortion, property damages, endangering the welfare of a child, pain and suffering, and

conspiracy on her counter-claim.[1] Defendant seeks $50,000.00 in compensatory damages, plus costs, attorney's fees, and pre- and post-judgment interest.

On December 17, 2018, trial was held and the Court took the matter under advisement. This is the Final Decision and Order of the Court on Plaintiff's claim and Defendant's counter-claim.

## FACTS AND PROCEDURAL HISTORY

The parties' affiliation with one another began in 2017 when Defendant was having work done on a residence she owned at 929 North Pine Street in Wilmington. Defendant employed Plaintiff to perform handy work at the residence. The relationship deteriorated when Defendant left town and upon her return to the residence discovered that appliances and sentimental property belonging to Defendant's late son were missing from the home, among other items. Allegations that Plaintiff had stolen the property ensued and uncivil exchanges between the parties began. On August 22, 2017, the incident from which this action arises took place, resulting in a scuffle of some nature between the parties, the details of which are unclear from the evidence. Plaintiff claims that Defendant removed a stick from her vehicle and swung it at Plaintiff, striking his finger and causing permanent injury. In contrast, Defendant alleges that Plaintiff swung a bat intending to strike Defendant during the incident. Plaintiff sought treatment for a fractured finger at Christiana Hospital on August 23, 2017, the day following the incident. In response, Defendant alleges that Plaintiff was beaten up by other people not associated with this action on August 21, 2017, the day prior to the incident. Plaintiff contacted Wilmington Police on August 28, 2017 to initiate a complaint against Defendant for the alleged injury, six days after the incident.

---

[1] These are not civil causes of action recognized under Delaware law. Additionally, conspiracy can only be brought in a civil action along with the underlying wrong which would survive as an independent cause of action despite the conspiracy. *Szczerba v. Am. Cigarette Outlet, Inc.*, 2016 WL 1424561, at *2 (Del. Super. Apr. 1, 2016).

2

## DISCUSSION

In a tort action for battery, the claimant must prove by preponderance of the evidence that the opposing party committed an "intentional, unpermitted contact upon the [claimant's] person . . . which is harmful or offensive."[2] In a tort counter-action for assault, the counter-claimant must prove by preponderance of the evidence that the opposing party "intentionally caused the counter-claimant to be in fear of an immediate harmful or offensive contact."[3] The parties failed to attain the Court's confidence to rule in either party's favor on the claim for battery or counterclaim for assault.

The parties' accounts of the events that transpired on August 22, 2017 are unreliable. This Court does not find the testimony presented by either party to be of heightened credibility. Testifying on Plaintiff's behalf was Plaintiff, Plaintiff's friend, Jessica Howard, who was a party to the incident in question, and Jessica Howard's nine-year-old daughter, Aaliyah Howard. Jessica Howard unwaveringly granted permission for her daughter, Aaliyah, to testify. Aaliyah's testimony was an impressively and unnaturally verbatim to the testimony given by her mother, clearly indicative of a coached witness. Testifying on Defendant's behalf was Defendant, Defendant's daughter, Shamiyha Boone, who was not present during the incident in question, and Defendant's other daughter, Milan Allen. Plaintiff submitted an incomplete hospital record as evidence of treatment for a fractured finger on August 23, 2017. As acknowledged by the Court, the hospital record provided advised Plaintiff to follow up with a doctor, especially if pain persisted, which Plaintiff admitted he had not done. Defendant spent a significant amount of her case focusing on the theft of items belonging to her late son, which Defendant accuses Plaintiff of

---

[2] *Brzoska v. Olson*, 668 A.2d 1355, 1360 (Del. 1995).
[3] *Smith v. Delaware State Police*, 2014 WL 3360173, at *6 (Del. Super. July 8, 2014).

stealing. The Court is sympathetic to Defendant's plea for the Court's assistance as such a loss is understandably painful, but as the Court advised during trial, Defendant's counterclaim is for assault, not recovery of the items stolen from her home. Therefore, the Court cannot consider those allegations as part of Defendant's counter-claim. At the conclusion of evidence, it was still unclear what transpired on August 22, 2017, therefore, the parties failed to meet the burden of their claims.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** this 10th day of January, 2019, that Plaintiff's claim for battery and Defendant's counterclaim for assault be **DENIED** relief for failure to meet the burden of proof. Each party is to bear their own costs.

The Honorable Carl C. Danberg
Judge

cc:    Patricia Thomas, Judicial Case Manager